UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MATTHEW FLICK,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS DOUGHTY,<br>HENRY COUNTY SHERIFF'S OFFICE,<br>HENRY COUNTY, INDIANA,<br><br>Defendants. | ) | No. 1:26-cv-00253-TWP-TAB |

**ORDER GRANTING DEFENDANT HENRY COUNTY'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed by Defendant Henry County, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 14). Plaintiff Matthew Flick initiated this civil rights lawsuit, through counsel, on February 6, 2026. (Dkt. 1). For reasons explained below, this motion is **granted** and claims against Henry County are dismissed.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

In evaluating the sufficiency of the complaint, the court considers the complaint in the light most favorable to Mr. Flick as the nonmoving party, accepting well-pleaded facts as true, and drawing all inferences in Mr. Flick's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016).

On February 13, 2024, Mr. Flick was detained at Henry County Jail, which is operated by Henry County Sheriff's Department ("HCSO"). (Dkt. 1 ¶ 8). Even though Mr. Flick was not resisting orders or attempting to escape, Correctional Officer Chris Doughty fired a pepper ball gun at his back, causing Mr. Flick physical and psychological injuries. *Id.* ¶¶ 9–15.

Based on these facts, Mr. Flick alleges the following causes of action: (1) Fourteenth Amendment excessive force against C.O. Doughty; (2) Fourteenth Amendment deprivation of liberty without due process of law against C.O. Doughty, HCSO, and Henry County; (3) Fourteenth Amendment failure to train and supervise against HCSO and Henry County; (4) Fourteenth Amendment abuse of process against C.O. Doughty, HCSO, and Henry County; and (5) Intentional Infliction of Emotional Distress against C.O. Doughty, HCSO, and Henry County. *Id.* at ¶¶ 17–40.

Henry County subsequently filed a motion to dismiss all claims against it. (Dkt. 14). Mr. Flick filed a response, (Dkt. 24), to which Henry County replied, (Dkt. 29).

## II. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

To survive a Rule 12(b)(6) motion, the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court takes "as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *Roe v. Dettelbach*, 59 F.4th 255, 261–62 (7th Cir. 2023) (citation omitted)). But the Court is "not bound by legal conclusions couched as factual allegations." *Guerrero v. Howard Bank*, 74 F.4th 816, 819 (7th Cir. 2023). "A court may dismiss a claim under Rule 12(b)(6) 'on the basis of a dispositive issue of law.'" *Baines v. City of Chicago*, 584 B.R. 723, 725 (N.D. Ill. 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989), superseded by statute on other grounds). Indeed, a plaintiff "can plead himself out of court by pleading facts that show he has no legal claim." *Atkins v. City of Chicago*, 631 F.3d 823, 831–32 (7th Cir. 2011); *see also Russo v. BRP US Inc.*, 737 F. Supp. 3d 649, 658 (E.D. Wis. 2024) ("[O]n a motion to dismiss, a court can resolve pure legal questions that relate to the pleaded facts.") (citing *Lott v. Levitt*, 556 F.3d 564, 569 (7th Cir. 2009)).

## III. DISCUSSION

Henry County argues that Mr. Flick's claims fail for two reasons. First, under Indiana law, Henry County does not have an agency relationship with HCSO and therefore, is not responsible for HCSO's policies, practices, training, or supervision. Second, the complaint does not allege any facts supporting a *Monell* claim against Henry County. (Dkt. 15). Mr. Flick argues that Henry County's role in managing HCSO is a fact-intensive issue that cannot be decided at the motion to dismiss phase. (Dkt. 25-1). Further, Mr. Flick is not required to produce evidence of a policy or custom to support his *Monell* claim to adequately state such a claim. *Id.* Because Henry County's first argument is dispositive, the Court does not address the sufficiency of the *Monell* claim.

As many other courts in the Seventh Circuit have recognized, "[u]nder Indiana constitutional, statutory, and case law, county commissioners, and, accordingly, Indiana counties, do not control the acts of county sheriffs." *Hodge v. Cnty. of Delaware*, 2009 WL 3415131, at *3 (S.D. Ind. Oct. 16, 2009) (citing *Delk v. Board of Com'rs of Delaware County*, 503 N.E.2d 436, 440 (Ind. Ct. App. 1987)). Article 6, Section 2 of Indiana's Constitution establishes that the sheriff is a elected separated from the rest of the county's government. Furthermore, the sheriff's powers are established by the state legislature, not by the county. *See* Ind. Code § 36-2-13-5 (listing sheriff's powers and duties).

Although correctional officers are employed by the county, they are controlled by the sheriff. Ind. Code. § 36-8-10-4(a) ("A county police force is established in each county. The members are employees of the county, and *the sheriff of the county shall assign their duties according to law.*") (emphasis added). Therefore, under Indiana law, Indiana counties are simply "not liable for the actions of county sheriffs and their deputies." *Hodge*, 2009 WL 3415131, at *3; *see also Estate of Drayton v. Nelson*, 53 F.3d 165, 167–68 (7th Cir.1994) (holding that "Marion

County [Indiana] has no authority over the Sheriff and his deputies . . . and therefore cannot be blamed for any deficiency in the training or supervision of the defendant deputy sheriffs" in a § 1983 action) (citations omitted); *Buczek v. Clay Cnty.*, 2006 WL 8459421, at *3 (S.D. Ind. Jan. 3, 2006) (granting summary judgment to the county because under Indiana law, it "cannot be found liable for the actions of the Defendant Sheriff's Deputy."); *Radcliff v. Harrison*, 618 N.E.2d 1325, 1328 (Ind. Ct. App. 1993) ("A county and its commissioners have no control over the actions of the county sheriff . . . [t]herefore county commissioners have no liability for the sheriff's actions."), aff'd in part, vacated in part on other grounds, 627 N.E.2d 1305 (Ind. 1994)) (citations omitted); *Carver v. Crawford*, 564 N.E.2d 330, 334 (Ind. Ct. App. 1990) (holding that there is no agency relationship between the county commissioners and the sheriff, and the commissioners are not liable for the actions of a county police officer).

Mr. Flick argues that discovery might reveal that Henry County contributed to policies, budgeting, training, staffing, and other decisions that contributed to the constitutional violations at issue in this case. (Dkt. 25-1 at 3). However, Mr. Flick does not explain how discovery would reveal these facts. Nor does Mr. Flick meaningfully contend with the fact that Indiana law clearly establishes that counties do not, by law, control the duties, training, or supervision of correctional officers. Additionally, as Henry County points out, Mr. Flick's *Monell* claim alleges a failure to train and supervise, both of which are clearly under the purview of HCSO (i.e., the complaint does not allege that Henry County made budgeting decisions that caused the events in this lawsuit). Though Mr. Flick does not need evidence detailing precise policies and training practices in his complaint, the complaint does have to state a legally plausibly claim to survive a Rule 12(b)(6) motion. *See Atkins*, 631 F.3d at 831–32. Given the clarity of Indiana law, the complaint fails to do so against Henry County.

Accordingly, the claims against Henry County are dismissed.

## IV. CONCLUSION

Henry County's motion to dismiss, Dkt. [14], is **GRANTED**. Mr. Flick's claims against Henry County are dismissed with prejudice. The **clerk is directed** to terminate Henry County as a defendant on the docket.

**IT IS SO ORDERED.**

Date: September 16, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Zaki M. Ali
Zaki Ali, Attorney at Law
efile@zakiali.com

Michael E. DiRienzo
KAHN DEES DONOVAN & KAHN
mdirienzo@kddk.com